**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.,**

**STANLEY SNOW, Defendant**

High Court of American Samoa
Trial Division

CR No. 3-94

May 23, 1994

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel:  For Plaintiff, Henry W. Kappel, Assistant Attorney General
For Defendant, Asaua Fuimaono

Order Denying Motion for New Trial:

On April 15, 1994, defendant Stanley Snow ("Snow") was found guilty, by a jury, of one count of stealing services with a value of $100.00 or

more and one count of stealing services with a value of $100.00 or less.

On May 11, 1994, Snow was sentenced by the court. The court suspended Snow's concurrent prison sentences of four years on count one and one year on count two, and placed Snow on concurrent probation terms of five years on count one and one year on count two. As conditions of probation, Snow was ordered to serve four months detention at the Tafuna Correctional Facility, out of a detention period of sixteen months, to begin on June 15, 1994.[1] Execution of the remaining 12 months of detention and 600 hours of community service was suspended. Snow was also ordered to pay a fine of $1,500 no later than 60 days after release from the four-month detention period and to make restitution of $1,737.60, in equal monthly payments, which if not paid in full by the end of the initial detention period, is to be paid over the remaining months of the probation term.[2]

On April 25, 1994, Snow filed a motion for new trial and a motion to treat as an indigent on appeal.[3] These motions came regularly for hearing on May 16, 1994. Two aspects of these motions--Snow's assertion of prejudicial error in the motion for a new trial because the court had neglected to rule on his motion for a judgment of acquittal, and his motion

---

[1] The postponement was to allow Snow to procure alternative care during the four-month detention period for his one-year old son, who was recently hospitalized at the LBJ Tropical Medical Center with a diagnosis of pneumonia with plural effusion and, upon further testing, juvenile diabetes. Snow is receiving training to administer, and is actually administering, twice-daily insulin injections and other necessary health care for his son. Snow's wife is not yet able to cope with her son's condition and administer these injections.

[2] Snow was also restricted to American Samoa unless he obtained prior permission from the court to travel outside the territory, with the Attorney General retaining his travel documents. He is to be a law-abiding citizen. He is to report monthly to his probation officer and make outstanding restitution payments, and fine payments within the 60 days allowed, after release from the four-month detention period. This reporting requirement is extended to once every three months after both the fine and restitution are fully paid. The probation officer may require more frequent visits at any time. Upon violation of any of the conditions of probation, Snow is subject to further detention and/or community service as an alternative to probation revocation until the full months of detention and hours of community service as ordered are exhausted.

[3] A.S.C.A. § 46.2402(b) states that a motion for a new trial shall be filed within 10 days after the judgment or sentence. Although Snow's motion was filed before the sentencing actually took place, but after the verdict, we treat the motion as if it had complied correctly with all procedural requirements.

to be treated as an indigent--were disposed of at the hearing.[4] ■ The remaining aspects of Snow's motion for a new trial essentially make two challenges. The first is that Snow was denied a fair trial because of the jury's exposure to media coverage. The second is that the finding of the jury is not supported by the weight of the evidence. T.C.R.Cr.P. Rule 33 provides that the court, on a defendant's motion, may grant a new trial "if required in the interest of justice." When the court considers such a motion, the burden is on a convicted defendant to show that some error was committed and that that error was prejudicial to him. *United States v. Simms*, 508 F. Supp. 1188, 1203 (W.D. La. 1980). For the reasons detailed below, we deny Snow's motion with respect to both grounds.

In support of the first challenge, Snow argues that the jury, unsequestered throughout the trial until its deliberations, was exposed to prejudicial news coverage that unfairly prejudiced the jury against him. Snow also asserts that the court erred in not allowing him to voir dire the jury about their exposure to the news coverage, and in not warning the news media to balance their coverage of the trial.

■ These objections must fail for several reasons. To begin with, Snow has not submitted any evidence whatsoever that the coverage was in fact prejudicial,[5] or that any of the jury members were actually prejudiced. Although counsel evinced an intention to poll members of the jury on this question after the verdict, this has not been done. In the absence of any contrary evidence, we will not assume a tainted jury. *See Mayola v. State of Ala.*, 623 F.2d 992 (5th Cir. 1980), *cert den'd* 451 U.S. 913, 68 L. Ed.2d 303, 101 S..Ct. 1986 (1981).

■ Nor has Snow mounted a sufficient challenge to the court's trial

---

[4] The motion for a judgment of acquittal was made at the close of all the evidence, and the court, in accordance with T.C.R.Cr.P. Rule 29(b), reserved the decision on this motion. The court denied this motion on May 11, 1994, before pronouncing the judgment and sentence.

The indigency question is governed by A.C.R. Rule 24, which comes into play when an appeal is taken. Rule 24 also requires a supporting affidavit in the detail prescribed by Form 4 of the Appendix of Forms to the Federal Rules of Appellate Procedure. No such affidavit has been filed. Since this motion was filed prematurely and without the necessary substantive support, it was withdrawn.

[5] Snow submitted two articles from the Samoa News that describe events during the first two days of the four-day trial. He did not include any later articles. He also submitted an affidavit that gave an extremely sketchy account of a call-in radio show regarding the trial. We cannot by any stretch call this, as Snow does, "extensive coverage." Nor can we at all term the articles as either wholly one-sided or prejudicial. ·

rulings on this matter. The court's denials of Snow's motion to specially voir dire the jury in the midst of trial, and subsequent motion for a mistrial, must stand. *United States v. Abascal*, 564 F.2d 821 (8th Cir. 1977), *cert den'd* 435 U.S. 953 (1978); *United States v. Jones*, 542 F.2d 186 (4th Cir. 1976), *cert den'd* 426 U.S. 922 (1976). It is the trial court's province to determine whether or not news media materials have the possibility of prejudicing the jury. A special jury voir dire is not essential to that determination, and a defendant has no right to be granted this procedure. *See United States v. Weisman*, 736 F.2d 421 (7th Cir. 1984), *cert den'd* 469 U.S. 983, 83 L. Ed.2d 324, 105 S. Ct. 390 (1984); *United States v. Alessio*, 528 F.2d 1079 (9th Cir. 1976), *cert den'd* 426 U.S. 948, 49 L. Ed.2d 1184, 96 S. Ct. 3167 (1976), *reh'g den'd* 429 U.S. 873, 50 L. Ed.2d 156, 97 S. Ct. 193 (1976).

■ Snow's demand that the court oversee press coverage regarding this trial is not only impractical but also seeks a constitutionally unsound restraint on the freedom of the press. *Nebraska Press Asso. v. Stuart*, 427 U.S. 539, 49 L. Ed.2d 683, 96 S. Ct. 2791 (1976). Additionally, Snow, having neglected to request a sequestered jury, cannot now complain of the jury's minimal exposure to daily life. *See Martin v. Warden, Huntingdon State Corr. Inst.*, 653 F.2d 799 (3rd Cir. 1981), *cert den'd* 454 U.S. 1151, 71 L. Ed.2d 306, 102 S. Ct. 1019 (1982).

■ We also disagree with Snow's assertion that the evidence fails to support the jury's findings. In the context of a motion for a new trial, the court may weigh the evidence presented at trial and assess the credibility of witnesses. However, the court is not free to set aside the jury's verdict even if the court concludes that another result is more reasonable. The evidence must preponderate against the verdict so severely that a miscarriage of justice has occurred. *United States v. Simms*, 508 F. Supp. 1188, 1202-03 (W.D. La. 1980); *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

■ In this case, the jury had ample evidence to find against Snow, and this was the course the jury chose to take. Although not necessary to this ruling, we also note that the jury, in count two, had the opportunity to hold Snow guilty of a more serious crime and declined to do so. We are not in the habit of second-guessing decisions properly in the jury's province, particularly decisions with such firm foundations as the one before us.

For the reasons given, neither of Snow's challenges to the jury's verdict establish any prejudice to him that requires a new trial in the interest of justice. Therefore, the motion for a new trial is denied.

It is so ordered.